## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BLANK ROME LLP<br>Watergate<br>600 New Hampshire Avenue, NW<br>Washington, DC 20037 | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>)    Civil Case No.: <u>15-1200</u> |
| v. | )<br>) |
| DEPARTMENT OF THE AIR FORCE<br>1670 Air Force, Pentagon<br>Washington, DC 20330-1670 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND
## APPOINTMENT OF SPECIAL COUNSEL FOR DISCIPLINARY ACTION

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (the "APA"), for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Blank Rome LLP ("Plaintiff") by the U.S. Department of the Air Force ("Air Force" or "Defendant").

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

<u>**THE PARTIES**</u>

3.      Plaintiff is a law firm headquartered in Pennsylvania, with other offices in California, Delaware, Florida, New Jersey, New York, Ohio, Texas, the District of Columbia, and Shanghai, Peoples Republic of China.

4.      Defendant is a military department within the Department of Defense of the United States government.  Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

<u>**OVERVIEW OF FOIA AND DEFENDANT'S FOIA REGULATIONS**</u>

5.      The Department of Defense's ("DoD") FOIA regulations state that FOIA policy should be complied with both in letter and spirit; that the DoD shall conduct its activities in an open manner; and that procedural matters should not impede a requestor from receiving records promptly.  32 C.F.R. § 286.4(a)-(c).

6.      The DoD's regulations also state that reasonably segreable portions of records must be released to a requestor.  32 C.F.R. § 286.23.

7.      The Air Force's FOIA regulations supplement the DoD's regulations.  32 C.F.R. § 806.1.

8.      The Air Force's FOIA regulations provide that reasonable efforts must be made to find the records described in FOIA requests.  32 C.F.R. § 806.8.

9.      FOIA requires an agency to determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of a request whether to comply with such request and to notify immediately the person making such request of such determination. 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. § 286.4(d)(1) (stating that DoD personnel should endeavor to provide a final response determination within the statutory 20 working days).

2

10.     A requestor has a right to an appeal an agency determination to deny a particular request for information.  32 C.F.R. § 286.24(a); 32 C.F.R. § 806.21.

11.     FOIA requires an agency to make a determination with respect to any appeal within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.  5 U.S.C. § 552(a)(6)(A)(ii); 32 C.F.R. § 286.24(c)(2) (stating that when a determination has been appealed, a final determination on the appeal should normally be made within 20 working days after receipt).

12.     If, on appeal, the denial of the request for records is upheld in whole or in part, the agency shall notify the person making such request of the applicable provisions for judicial review.  5 U.S.C. § 552(a)(6)(A)(ii).

13.     In certain circumstances, the time periods allowed to evaluate a request or appeal may be extended; however, written notice must be provided to the requestor setting forth the reasons for delay and an anticipated date for a substantive response.  32 C.F.R. § 286.24(d).

14.     When a court finds that an agency wrongfully withheld information responsive to a FOIA request and issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.  5 U.S.C. § 552(a)(4)(F)(i).

**PLAINTIFF'S FOIA REQUEST**

15.     By letter to Defendant dated March 25, 2014, and pursuant to FOIA and

Defendant's regulations at 32 C.F.R. part 806, Plaintiff made a request for records relating to

Operations and Maintenance Contract No. SP0600-04-C-8253, dated June 24, 2004, between the

Defense Energy Support Center and Dominion Virginia Power ("DVP"), Contract Line Item

("CLIN") 007, for the privatization of the Fort Monroe, Virginia Electric Distribution System

("Contract"). The request was limited to records dated or created between January 1, 2009, and

March 25, 2014.

16.     Specifically, the request sought copies of the following:

(a)     All records relating to or discussing the costs to the government of the
termination of CLIN 007;

(b)     All records submitted to the Base Adjustment and Realignment
Commission relating to or discussing the cost of terminating CLIN 007;

(c)     All draft and final DCAA audit reports concerning the termination of
CLIN 007;

(d)     All records discussing or related to the Base Realignment and Closure
("BRAC") of Fort Monroe as possibly ending the government's
responsibility for the cost of upgrading the Fort Monroe electric utility
system to meet commercial or residential standards;

(e)     All records comprising or discussing all government estimates for the cost
of terminating CLIN 007;

(f)     All records discussing or relating to any funding or appropriations requests
for the costs of terminating CLIN 007;

(g)     All records discussing or relating to the termination proposal for CLIN
007 submitted by Dominion Virginia Power dated June 29, 2012;

(h)     All records discussing or relating to the certified claim filed by Virginia
Electric and Power Company on October 30, 2013;

(i)     All records provided to the Government Accountability Office related to
the Contract in connection with GAO Report No. GAO–13–337, dated
April 18, 2013; and

4

(j)     All records provided to any Member or Committee of Congress related to the termination of CLIN 007.

*See* March 25, 2014 letter from Albert B. Krachman, Blank Rome LLP, to FOIA Officer, 633rd Communication Squadron ("FOIA Request," attached hereto as Exhibit 1).

## DEFENDANT'S FAILURE COMPLY WITH FOIA AND DEFENDANT'S REGULATIONS

17.     On April 3, 2014, Plaintiff received an acknowledgement of its FOIA Request and a request for clarification from the Defense Logistics Agency, which had received the FOIA Request as a referral.  *See* April 3, 2014 letter from Robert M. Silber, FOIA and Privacy Act Officer, Defense Logistics Agency, to Albert B. Krachman, Blank Rome LLP (attached hereto as Exhibit 2).

18.     On April 8, 2014, Plaintiff provided a detailed clarification of its FOIA Request, including a response to the Defendant's inquiry regarding the issue that Plaintiff was attempting to resolve.  Plaintiff's clarification also included a list of the government personnel who were the most likely to have possession or control of any responsive records.  *See* April 8, 2014 letter from Albert B. Krachman, Blank Rome LLP, to Robert M. Silber, FOIA and Privacy Officer, Defense Logistics Agency (attached hereto as Exhibit 3).

19.     By letter dated May 20, 2014, and after repeated phone calls and e-mail correspondence with Defendant's FOIA officials, Plaintiff received an acknowledgement that Defendant was processing the FOIA Request.  *See* May 20, 2014 letter from Timothy A. Lyon, FOIA Manager, U.S. Dep't of Air Force, to 633 CS/SCOKQ (FOIA) and Albert B. Krachman, Blank Rome LLP (attached hereto as Exhibit 4).

20.     On June 25, 2014, after making continued status requests and not receiving any records, Plaintiff provided Timothy A. Lyon, Defendant's FOIA Manager, with a courtesy notice via email informing him that that an appeal based on the constructive denial of Plaintiff's FOIA

Request was being prepared. The email also requested that the records be produced so that the appeal could be averted. *See* June 25, 2014 email from Albert B. Krachman, Blank Rome LLP, to Timothy A. Lyon, FOIA Manager, Dep't of Air Force (attached hereto as Exhibit 5).

21. On July 24, 2014—almost a month from the time that Plaintiff had first alerted Mr. Lyon that an appeal was being prepared—Mr. Krachman called Mr. Lyon to discuss Defendant's continued failure to produce records. Mr. Lyon stated that the records had long been assembled and were ready for release, but were being withheld because they contained "information detrimental to the government interests" related to an open termination for convenience matter. Mr. Lyon advised that because the termination was open, the legal office had directed that no records were to be released. *See* July 24, 2014 email from Albert B. Krachman, Blank Rome LLP, to Timothy A. Lyon, FOIA Manager, Dep't of Air Force (attached hereto as Exhibit 6).

22. Mr. Krachman objected to this action and requested that Mr. Lyon communicate the basis for withholding the records in writing. *See* Exhibit 6.

23. Mr. Krachman memorialized the telephone conversation in an e-mail back to Mr. Lyon. *See* Exhibit 6.

24. That same day, Plaintiff received a letter that did not did not dispute any of the information exchanged in the earlier conversation memorialized in Mr. Krachman's email, but instead attempted to characterize the reason for Defendant's failure to produce any records as an extension for continued processing and legal review. *See* July 24, 2014 letter from Timothy A. Lyon, FOIA Manager, Dep't of Air Force, to 633 CS/SCOKQ (FOIA) and Albert B. Krachman, Blank Rome LLP (attached hereto as Exhibit 7).

25.     By letter dated July 28, 2014, and pursuant to 32 C.F.R. § 806.21, Plaintiff appealed Defendant's failure to produce any records in response to its FOIA Request—which at that point had been pending for over three months—as a constructive denial and arbitrary and capricious action to withhold the records.  *See* July 28, 2014 letter from Albert B. Krachman, Blank Rome LLP, to Hon. Deborah Lee James, Secretary of the U.S. Air Force, c/o Rita Mack, FOIA Officer, 633rd Air Base Wing ("First Appeal," attached hereto as Exhibit 8, without exhibits).

26.     On August 14, 2014, Plaintiff received a status notification stating that Defendant was still processing the FOIA Request.  *See* August 14, 2014 letter from Timothy A. Lyon, FOIA Manager, U.S. Dep't of Air Force, to 633 CS/SCOKQ (FOIA) and Albert B. Krachman, Blank Rome LLP (attached hereto as Exhibit 9).

27.     By a memorandum for 633 CS/SCOKQ (FOIA) dated August 25, 2014 ("Memorandum"), Defendant's attorney recommended that certain requested records be released if they were redacted to exclude any deliberative or decision-making materials, but that other records that were allegedly deliberative in nature and part of the decision-making process be withheld.  *See* August 25, 2014 Memorandum of Susan Bond, Attorney-Advisor, Dep't of Air Force (attached hereto as Exhibit 10).

28.     Specifically, the Memorandum recommended that the following categories of records not be released:  (1) records discussing the impact of the closing of Fort Monroe on the cost of upgrading the Fort Monroe electric utility system; (2) records discussing the termination proposal for CLIN 007; and (3) records discussing the costs to the government of terminating CLIN 007.  *See* Exhibit 10.

29.     The Memorandum also stated that draft audit reports or other records that were allegedly deliberative in nature or part of the decision-making process should not be released or, in the alternative, should be redacted.  Finally, the Memorandum directed that discussions between contracting personnel, legal advisors, and technical experts, were non-releasable in their entirety because they are attorney-client work product protected from disclosure.  *See* Exhibit 10.

30.     On November 20, 2014, after further inquiry about the Defendant's failure to produce documents, the Defendant produced 82 documents, along with a List of Denied Records and a Release Letter.  Upon receipt of the documents, on November 20, 2014, Plaintiff confirmed with the Defendant that the date for a FOIA appeal from this partial production would be January 30, 2015.  *See* November 20, 2014 e-mail from Rand Bethea to Albert B. Krachman, Blank Rome LLP (attached hereto as Exhibit 11).

31.     To date, there has been no further production to Plaintiff.

32.     Defendant's Production was deficient because, even though Plaintiff's FOIA Request included ten categories of requested records, the Release Letter accompanying the Production only included justifications for withholding records in three of the ten categories, and contained no affirmative statements whatsoever regarding any attempted search for the other seven categories.  *See* Exhibit 11.

33.     The Production was also deficient in that the accompanying List of Denied Records lacked sufficient descriptions of each of the withheld records for purposes of assessing the applicability of the claimed privilege and/or FOIA exemption.  *See* Exhibit 11.

34.     Furthermore, in making the Production, Defendant clearly withheld records based on blanket exclusions, without considering whether the withheld records contained any non-

exempt, purely factual information that could be released after redacting any purported protected portions.

36.     In addition, with respect to the records withheld from the Production on the basis of alleged attorney-client privilege, the Defendant made no showing that any of the withheld records were actually attorney-generated, that attorneys were involved, or that they were of a confidential nature warranting protection from disclosure.

36.     Moreover, insofar as 5 U.S.C. § 552(b)(5) incorporates work product protection, such protection only exempts records from release where there is an articulable claim that is likely to lead to litigation.  There was no basis for the assertion of such protection with respect to the records covered by Plaintiff's FOIA Request.

37.     Defendant's assertion of deliberative process privilege, 5 U.S.C. § 552(b)(5), as a basis to withhold records related to the terminated Contract with DVP was improper given that the termination of DVP occurred in September 2011, and most of the requested records post-date that decision.

38.     Finally, in its FOIA Request, Plaintiff was not seeking records with regard to a pending proposal.  Rather, the FOIA Request was directed towards records related to the 2011 termination of DVP and DVP's June 2012 termination proposal, which Defendant rejected in March 2014.  Notably, March 2014 also represents the outer limit of the time frame stated in the March 25, 2014 FOIA Request.

39.     Thus, with respect to records related to the 2011 termination and the rejected June 2012 termination proposal, Defendant's assertion of deliberative-process privilege in relation to ongoing negotiations on the June 2012 proposal was improper.  There are no ongoing negotiations on that proposal.

40.     By letter dated January 26, 2015, Plaintiff appealed the Defendant's November 20, 2014 partial response to its FOIA Request.  In its appeal, Plaintiff argued, *inter alia*, that Defendant's search was inadequate and that the asserted deliberative-process exemption was inapplicable to the requested records.  *See* January 26, 2015 letter from Albert B. Krachman, Blank Rome LLP, to the Secretary of the Air Force, Dep't of Air Force, Through HQ ACC/AGXP (FOIA) ("Second Appeal," attached hereto as Exhibit 12, without exhibits).

41.     On February 24, 2015, Plaintiff received a status notification stating that Defendant was still processing the Second Appeal.  *See* February 24, 2015 letter from Timothy A. Lyon, FOIA Manager, U.S. Dep't of Air Force, to 633 CS/SCOKQ (FOIA) and Kendra Norwood, Blank Rome LLP (attached hereto as Exhibit 13).

42.     On April, 20, 2015, Kendra Norwood, Blank Rome LLP, had a telephone conversation with Rand Bethea of Defendant regarding the status of the Second Appeal.  Ms. Norwood noted that she had been unable to reach Timothy Lyon, who was the assigned FOIA Officer.  *See* April 20, 2015 email from Kendra Norwood, Blank Rome LLP, to Rand Bethea (attached hereto as Exhibit 14).

43.     Mr. Bethea informed Ms. Norwood that he spoken with Mr. Lyon, who had told Mr. Bethea that both Defendant's office of primary responsibility and its Legal office were standing behind their original denial determinations.  *See* Exhibit 14.

44.     Mr. Bethea then explained that the appeal would be forwarded to the Air Force's Legal Operations Appellate Authority ("AFLOAA"), which would make the final agency determination on the appeal.  Mr. Bethea also indicated that he intended to develop an interim written response, which would be sent to Plaintiff prior to the appeal being forwarded to the AFLOAA. *See* Exhibit 14.

45.     Ms. Norwood memorialized these telephone conversations in an e-mail back to Mr. Bethea. *See* Exhibit 14.

46.     On May 1, 2015, in response to Plaintiff's inquiries—including a specific inquiry as to the status of the interim written response, which Plaintiff never received—Defendant informed Plaintiff that documents had been sent back internally to Defendant's responsible office to ensure that they had been properly reviewed, and that additional time would be necessary for processing the Second Appeal. *See* May 1, 2015 email from Timothy A. Lyon, FOIA Manager, Dep't of Air Force, to Kendra Norwood, Blank Rome LLP (attached hereto as Exhibit 15).

47.     In response to Plaintiff's continued requests for information regarding the status of the Second Appeal, on June 18, 2015, Defendant sent Plaintiff an email stating that it was still processing the Second Appeal. *See* June 18, 2015 email from Timothy A. Lyon, FOIA Manager, Dep't of Air Force, to Albert B. Krachman, Blank Rome LLP (attached hereto as Exhibit 16).

48.     To date, Plaintiff has not received a substantive determination with regard to its Second Appeal.

49.     As described in detail above, Defendant has violated FOIA and its own regulations in the following ways:

- To date, Plaintiff has not received any responsive records supplementing Defendant's initial 384-page Production.

- To date, Plaintiff has not received any substantive determination with regard to either its First or Second Appeal.

- Defendant has not addressed the inadequacy and unreasonableness of its search, for which only 3 of the 10 categories of information originally requested were even discussed in Defendant's Release Letter.

- Defendant has not provided sufficient descriptions of the records withheld from the production for purposes of assessing the applicability of the claimed

privilege and/or FOIA exemption, including but not limited to any claimed attorney-client privilege.

- Defendant has withheld records without considering whether those records contained any non-exempt, purely factual information that could be released after redacting any purported protected portions.

- Defendant has not explained why it has asserted that deliberative-process privilege applies as a basis to withhold records related to the terminated Contract with DVP, given that the termination occurred in September 2011, and most of the requested records post-date that decision.

- Defendant has not explained why it has asserted that deliberative-process privilege relating to ongoing negotiations applies as a basis to withhold records related to the 2011 termination of DVP and DVP's rejected June 2012 termination proposal, for which there are no applicable ongoing negotiations.

- Defendant has violated FOIA and its own regulations by failing to comply with the deadlines specified therein with regard to its response to the FOIA Request, the First Appeal, and the Second Appeal.

- Defendant has not made the records and information responsive to the FOIA Request "promptly available." *See* 5 U.S.C. § 552(a)(3)(A).

50.     Given Defendant's failure to comply with the applicable time limits, pursuant to 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies with respect to its Request, and the matter is ripe for immediate judicial review.

51.     Given Defendant's blatant violations of FOIA and its own regulations, Defendant should be subject to disciplinary action as prescribed under FOIA at 5 U.S.C. § 552(a)(4)(F).


### CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act for the Wrongful Withholding of Agency Records

52.     Plaintiff incorporates by this reference the averments contained in paragraphs 1 through 51 of this Complaint.

53.     Defendant has wrongfully withheld agency records requested by Plaintiff, violating both FOIA and Defendant's regulations.

54.     Plaintiff has exhausted the applicable administrative remedies with respect to seeking the requested information.

55.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

56.     The Court should issue a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding and appoint Special Counsel promptly to initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.  5 U.S.C. § 552(a)(4)(F).

<b>Count II: Violation of the Administrative Procedure Act for<br>Agency Action Unlawfully Withheld and Unreasonably Delayed</b>

57.     Plaintiff incorporates by this reference the averments contained in paragraphs 1 through 56 of this Complaint.

58.     Defendant's failure to disclose records responsive to the FOIA Request constitutes agency action unlawfully withheld and unreasonably delayed in violation of the APA.

59.     Defendant's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law.

60.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

61.     The Court should issue a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding and appoint Special Counsel promptly to initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.  5 U.S.C. § 552(a)(4)(F).

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A.    Take jurisdiction of this cause;

B.    Order Defendant to disclose the requested records in their entirety and make copies available to Plaintiff;

C.    Enjoin Defendant from withholding or redacting the requested records;

D.    Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the APA, and every order of this Court;

E.    Provide for expeditious proceedings in this action;

F.    Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this case;

G.    Pursuant to 5 U.S.C. § 552(a)(4)(F)(i), issue a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding and refer the matter to the Special Counsel for investigation and disciplinary action; and

H.    Grant Plaintiff all other and further relief as the Court may deem just and proper.

DATED: July 24, 2015

Respectfully submitted,

Paul M. Honigberg
DC Bar No.: 342,576
Blank Rome LLP
Watergate
600 New Hampshire Avenue, NW
Washington, DC 20037
Telephone: (202) 772-5955
Facsimile: (202) 572-8374
Email: Honigberg@blankrome.com

Albert B. Krachman
DC Bar No.: 372,776
Blank Rome LLP
Watergate
600 New Hampshire Avenue, NW
Washington, DC 20037
Telephone: (202) 772-5812
Facsimile: (202) 772–1658
Email: Krachman@blankrome.com

*Counsel for Blank Rome LLP*